**STATE of Missouri, Respondent,**

v.

**Joseph William LEADY, Appellant.**

No. 37482.

Missouri Court of Appeals, St. Louis District, Division Four.

Oct. 26, 1976.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 12, 1976.

790

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

NORWIN D. HOUSER, Special Judge.

Joseph William Leady, convicted of first degree robbery and forcible rape of a 45-year-old woman, raises four points on appeal.

First, he asserts error in overruling objections and motions for mistrial on three occasions[1] when reference was made to the prosecuting witness viewing and identifying "police pictures" or "police photographs" of defendant, which were shown to her by Detective Bradbury. Appellant argues that the jury was thereby notified that defendant had a criminal record or had been arrested previously, and therefore identified him as a "police character"; that this method of identification was unnecessary, irrelevant to the issues and lacked probative value to establish defendant's guilt; that it tended to buttress unimpeached identification testimony and denied defendant the presumption of innocence.

At no time was any reference made to defendant having a criminal record

or that he had previously been arrested. The terms "police pictures" and "police photographs" do not necessarily indicate that the likenesses in question depict persons who have been arrested, or "police characters." In *State v. Harris,* 534 S.W.2d 516 (Mo.App.1976), the terms "mug shots" and "photographs of subjects on file in our department" were held not to improperly place defendant's prior criminal activity before the jury. The burden is on the defendant to show that such terms constituted evidence of, or necessarily referred to or connoted, prior arrests and that the court erred to his prejudice in its rulings and appellant has failed to meet this burden.

Although identification of the defendant was not denied these references were not irrelevant. Corroborative evidence of defendant's identity properly may be received, *State v. Pitchford,* 324 S.W.2d 684, 687 (Mo.1959); *State v. Jenkins,* 516 S.W.2d 522, 526 (Mo.App.1974), even when identification is not a contested issue.

Second, appellant would have a new trial on the ground of newly discovered evidence. The prosecuting witness testified that she was forcibly picked up off the street by a truck driver, while awaiting a bus to take her to work. The newly discovered evidence is that of her estranged husband, who testified at the hearing of the motion for new trial that on several occasions in the past his wife had accepted rides from strangers to get to work; that on one occasion a man tried to pick her up and that as he tried to put her in his car she tore the steering wheel out and kicked off his front dash in resisting his advances; that her reputation for morality and chastity in the community was good but that he knew of instances of "sexual flurries" on her part. At worst the husband's testimony may be said to have reflected on the alleged victim's character. A new trial will not be granted on the ground of newly discovered evidence where the latter goes merely to impeachment of the character of a witness,

1. In the State's opening statement and in the testimony of both the victim and a detective.

*State v. Harper,* 473 S.W.2d 419, 421 (Mo. banc 1971), and consequently the court did not abuse its discretion in disallowing a new trial on this ground. *State v. Boykins,* 434 S.W.2d 484 (Mo.1968).

Next, appellant contends the guilty verdict on the charge of rape is contrary to the medical records, which indicate no trauma to the throat or neck of the alleged victim and fail to substantiate her account of a forcible sexual act; that examining doctors found no trauma to the sexual area; that the State failed to present any medical evidence to support the contentions of the prosecuting witness. Her testimony was that a truck pulled up behind her; that she was pulled into the truck from the driver's side and across the driver's body onto the passenger side of the vehicle; that the trucker put his arm around her throat and lifted her up; that she was choked and unable to breathe; that she tried to open the truck door to get out but was prevented from doing so; that she begged to be released, and offered the driver money to let her go on to work; that the man drove to a secluded spot, stopped the truck and told her to take off her clothes; that when she opened the truck door he grabbed her around the throat and threatened to kill her, choking her and tightening the grip around her throat; that she begged him to leave her alone; that she resisted but under threat that he would kill her she undressed and submitted to a completed act of sexual intercourse, following which he robbed her of fifty dollars, and let her out at a shopping center with a $5 bill for taxi money, admonishing her not to report to the police. She had no injuries as a result of the assault. The medical records report no contusions, lacerations, abrasions, or trauma. They do show that she was "anxious and trembling" when examined shortly after the occurrence. A vaginal examination revealed 2 to 3 c.c. of whitish mucous discharge, "sperm suspected."

■ We find sufficient evidence to support a conviction of forcible rape. The prosecuting witness testified unequivocally to a forcible abduction and a sexual encounter forced upon her by threat of death, reported by her immediately after she was released. See *State v. Quinn,* 405 S.W.2d 895, 898 (Mo.1966), and *State v. Beck,* 368 S.W.2d 490 (Mo.1963). There was some corroborating medical evidence, but to the extent that the medical evidence failed to support the woman's account it went only to the weight and credibility of her testimony, which was a matter for the jury to consider. In *State v. Bateman,* 198 Mo. 212, 94 S.W. 843 (1906), in which there was no medical evidence of the forcible rape charged, the court said, l. c. 845:

> "It is absurd to say that there should not have been a conviction in the absence of medical proof of the perpetration of the outrage, when the prosecuting witness testified to it in unequivocal language, and the defendant himself acknowledged that he had connection with her at the time and place stated, but with her consent. Medical proof was wholly unnecessary under such circumstances."

Although defendant did not take the stand and admit intercourse with the prosecuting witness the fact of intercourse with him at the time and place in question was tacitly conceded by the manner in which the alleged victim and other witnesses for the State were cross-examined, and by the examination of the defense witness (who testified to the impossibility of the woman's story as to how she was forced into the truck), as well as defendant's final argument to the jury, which tacitly conceded the fact of intercourse between the two and plainly implied that it was voluntarily engaged in by the prosecuting witness. ("She wanted the sex. She got the sex.")

■ The specific act of intercourse shown here was not accompanied by physical force and violence. Medical testimony of tearing, laceration, bleeding, swelling of the genitalia, etc. is not necessary to make a submissible case of rape where consent to intercourse and submission is induced by threats against the life of the victim. The prosecuting witness so testified and the

jury was entitled to accept her story as credible.

■ Finally, it is urged that it was plain error to allow the detective to testify that the prosecuting witness identified defendant from the photographs shown her, and that she identified him at the lineup; that this was hearsay and constituted buttressing unimpeached testimony, prejudicial under *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972). Under the *Degraffenreid* opinion this evidence was inadmissible, but under the circumstances of this case nonprejudicial. The real issue in this case was consent or no consent; defendant's identity was not contested. In *Degraffenreid* the defense was alibi; the question of identity was crucial. It is not likely in this case that the inadmissible evidence "tipped the scales against defendant," as in *Degraffenreid,* because the evidence here related to a question on which there was no real or apparent disagreement. While it is error to admit testimony of third persons corroborating the fact that the identifying witness identified defendant, absent the introduction of evidence to establish statements contradicting the testimony given by the identifying witness, the error is not necessarily prejudicial, and where the question of defendant's identity is conceded, or is not a real issue in the case, as here, the error in admitting the evidence is not necessarily prejudicial. See *State v. Brown,* 528 S.W.2d 503[6, 7] (Mo.App.1975).

Judgment of conviction affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.

