STATE of Missouri, Plaintiff-Respondent,

v.

Scott ATKINS, Defendant-Appellant.

No. 37176.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 30, 1976.

Graham W. LaBeaume, Huck, Kasten & LaBeaume, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Scott Atkins was convicted by a jury of murder in the second degree. Punishment was assessed by the court at forty years imprisonment because the jury was unable to agree upon the punishment. On this appeal we affirm the judgment of the trial court.

Defendant urges that it was error on the part of the trial court to (1) overrule his objection to the testimony of Detective DeVere to the effect that witness Earl Scott had viewed a line-up which included defendant, and (2) in admitting the laboratory report of the police department into evidence.

The sufficiency of the evidence to sustain the conviction is not questioned. Defendant was present in the alley behind 4209 Cozens Avenue with Larry Smith, Elbert Clifton, and Melvin Payne, the victim. Payne was attempting to apologize for calling Smith a derogatory name. Smith would not accept the apology. Clifton threatened to hit Payne if Smith did not hit Payne. After further argument Clifton hit Payne, Smith joined in, striking Payne in the face. Then Atkins joined the other two and they hit Payne with their fists and then kicked him after he was knocked to the ground. They then hit Payne with chunks of concrete. After Clifton dropped a large piece of concrete on the victim's head they left the scene. Later they went back because they felt that "he may not be dead yet." Clifton again dropped the large piece of concrete on Payne's head, the defendant then picked up the same piece of concrete and dropped it on the victim's head. The three men then left the scene. Payne died of the injuries which he received in the assault.

Defendant testified that he had seen Smith, Clifton and Payne on the evening of the crime. He had come upon them in the alley and heard them arguing. Earl Scott, a witness, was attempting to get Payne to leave and go into a house. When Payne refused to join him, Scott left before the assault.

Defendant stated that he did not hit or kick Payne, or hit him with a concrete block. He testified that the statement he gave to the police was the same as his testimony at the trial.

With respect to defendant's first contention Earl Scott testified that he had seen the defendant in the alley during the argument, but he did not see an assault. The State produced Detective DeVere who testified that he accompanied the witness Earl Scott to a line-up. He further testified that the photograph identified as Exhibit 1 accurately depicted the line-up viewed by Mr. Scott, and that defendant was in the line-up.

■■ Defendant contends that DeVere's testimony was hearsay evidence which tended to buttress the unimpeached testimony of Earl Scott and constituted prejudicial reversible error under *State v. Degraf-*

fenreid, 477 S.W.2d 57 (Mo.banc 1972). *Degraffenreid* stands for the general proposition that a third person may not testify that a witness has made an extra judicial identification of the defendant. Such testimony is admissible only to rehabilitate the witness after he has been impeached. *State v. Few*, 530 S.W.2d 411 (Mo.App. 1975). In the case at bar Detective DeVere did not testify that Earl Scott identified defendant at the line-up. The fact that the prosecutor did not pursue this line of questioning could as easily give rise to the inference that Scott had not identified defendant at the line-up as it would to the contrary. The case is readily distinguishable from *Degraffenreid*. The testimony by DeVere was not hearsay and it did not buttress the identification testimony of Scott.

Even if the testimony of DeVere could be said to come within the scope of *Degraffenreid* the evidence in this case could not be said to be prejudicial. Earl Scott testified that he saw defendant, Smith, Clifton and Payne in the alley. He heard them arguing but went into the house and did not see any assault upon Payne. Defendant's testimony was practically identical with that of the identifying witness. The defendant's identity and presence at the scene was not an issue in the case. The issue here is identical to that in *State v. Brown*, 528 S.W.2d 503 (Mo.App.1975), and in *State v. Leady*, 543 S.W.2d 788, Mo.App., St.L.Dist., 1976. The real issue in this case was whether defendant engaged in the assault upon Payne. The evidence that the witness, Scott, attended a line-up was not crucial nor was it likely to "have tipped the scales against defendant." Where the question of defendant's identity is conceded, or is not a real issue in the case, the admission of such evidence is not necessarily prejudicial. *State v. Leady*, *supra*, at page 792.

While the evidence complained of may not have been admissible upon a proper objection as to its materiality or relevance; such an objection was not made, and that issue is not before us.

The court committed no error with respect to defendant's first contention.

The next matter sought to be raised involves a stipulation which was made by the parties with respect to the laboratory report of the police department. The prosecutor stated the stipulation:

"Mr. Fredericks: . . . It has been agreed by and between the parties that this particular exhibit is a record of the St. Louis Metropolitan Police Department made up and kept in the usual and ordinary course of business and qualifying under the Uniform Business Record Act and to that extent we would now offer State's Exhibit number 15.

Mr. LaBeaume: Your Honor, as I indicated before I am stipulating to this as Mr. Fredericks has said."

Defendant, however, objected to the report being read into evidence stating, "And I would object to that _ _ _ to the contents of it, the only person that could testify to this would be Ruth McKnight but I am stipulating to the fact that it would _ _ _ if Mr. Fredericks had to, he would bring in somebody from the Police Department to testify that this is done in the normal course of business. We will accept that stipulation."

The Point Relied On reads as follows:

"It was error for the court to overrule defendant's objection to the evidence contained in the lab report as contained in Exhibit No. 15 for the reason that this evidence could not be shown merely by business records, but rather should have been introduced through the witness who actually made the tests, that being Ruth McKnight."

■ The point relied upon does not tell us why the evidence contained in the business record should have been introduced by Ruth McKnight. This is a violation of 84.-04(d) and provides us with nothing to rule upon. *Simpson v. Island View Sales Corporation*, 540 S.W.2d 624 (Mo.App.1976).

A thorough discussion of the admissibility of police laboratory reports can be found in *State v. Taylor*, 486 S.W.2d 239 (Mo.1972).

In that case under circumstances similar to those in this case the court held the report to be admissible. A further discussion could add nothing and would be of no precedential value.

We find no error. The judgment is affirmed.

McMILLIAN, P. J., and RENDLEN, J., concur.