STATE of Missouri, Respondent,

v.

Clayton WILLIAMS, Appellant.

No. 40172.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Lang & O'Keefe, Karl F. Lang, Kevin M. O'Keefe, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Jury convictions of robbery first degree and armed criminal action. The court sentenced defendant to concurrent terms of

twenty years and five years, respectively, under the Second Offender Act. We affirm.

Louis Black finished his work as a custodian at Mercantile Trust Company at 11:50 p. m. on June 21, 1977, and drove to a chicken restaurant on Grand Avenue in St. Louis, Missouri. After obtaining food, he returned to his white 1975 Buick LeSabre automobile. He was approached by three men; two of them displayed hand guns. Black's assailants ordered him into his car with them and directed him to drive to the corner of Grand and Kossuth, where they took his wallet, containing various personal papers, a Sears charge card and $46.00.

After taking his wallet, the men ordered him out of his car and drove it away. Black never saw his car again, but did identify various papers and the Sears charge card offered into evidence by the state as being items which had been in his wallet when it was stolen.

Black testified on direct examination that on two occasions St. Louis Police Officers showed him photographs of individuals in an attempt to establish the identity of three assailants. During the second display, conducted at his home, Black identified one of the photographs to be a picture of one of the assailants that sat in the back seat of the automobile.

Black was then asked if any of the assailants were in the courtroom. He said no one in the courtroom resembled any of the assailants. Defendant was present in the courtroom.

St. Louis Police Officer William McNabb thereafter stated on direct examination that on two occasions, he showed Black several photographs in an attempt to determine the identity of the assailants. He said the photographic display conducted at Black's home contained five photographs; one of those photographs was a picture of defendant.

McNabb was not asked, and did not state, whether Black identified one of those photographs as a photograph of defendant.

Defendant argues that McNabb's testimony was an attempt to bolster Black's identification testimony, constituting reversible error pursuant to *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). A proper objection was not offered when McNabb testified, and it was not raised in the motion for new trial. Defendant asks for review under "plain error" Rule 27.-20(c).

*Degraffenreid* held that: (1) a police officer may not testify that a witness has made an extrajudicial identification of a defendant; (2) the challenged testimony must be hearsay that tends to buttress the identification testimony of the first witness; and (3) reversal is justified only if the error is prejudicial.

Contrasting the instant case, Officer McNabb did not bolster Black's testimony or testify that Black made an extrajudicial identification of defendant. McNabb testified about the circumstances surrounding the photographic display; he said there were five photographs, one of which was a photograph of defendant. Had McNabb further stated that Black identified the defendant as one of his assailants from the photographs then there might have been a *Degraffenreid* violation by a police officer's testimony bolstering the identification testimony of a prior witness. *Cf.: State v. Atkins*, 545 S.W.2d 656 (Mo.App.1976) and *State v. Carter*, 557 S.W.2d 47 (Mo.App. 1977).

Having found no prejudicial error under *Degraffenreid*, we also rule that the "plain error" doctrine does not protect the alleged error. *See, State v. Johnson*, 536 S.W.2d 851 (Mo.App.1976) and *State v. Simmons*, 500 S.W.2d 325, 329 (Mo.App.1973).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.