## STATE of Missouri, Respondent,

v.

## Eugene GRADY, Appellant.

### No. 44034.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer Denied Jan. 15, 1982.

Application to Transfer Denied Feb. 16, 1982.

Mary K. Wefelmeyer, Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was found guilty by a jury of stealing in violation of § 570.030, RSMo. 1978, for which he was sentenced to two years in the Department of Corrections. We reverse and remand for a new trial.

The evidence adduced by the state shows that the victim, Howard Owens, arrived at a bus stop on North Skinker Boulevard near Waterman at approximately 8:00 P.M. on the evening of August 4, 1980, shortly after purchasing four albums from a local record store. Three young men, one seated and the other two, including the defendant, standing, were already at the bus stop. The seated man asked Owens if he wanted to buy some marijuana, but Owens declined. Shortly thereafter, this same man stood up, walked around Owens, and stuck something in his side. Owens turned to look and observed what he believed to be the tip of a

barrel of a .22 caliber pistol wrapped in a dish towel. The three men then took Owens' record albums, his watch and his money.

Defendant resides in University City, as did Owens from 1970–77. Owens recognized defendant and was able to give his last name to police. Defendant asserts the trial court erred in permitting police officers to testify that Owens made positive identifications from a photographic display and a lineup.

As part of its case, the state had called one of the investigating officers, John Green. As Green began to give a description of the photographic display which he conducted (during which Owens selected defendant's picture as one of those involved in the robbery) defendant's counsel, Ms. Wefelmeyer, objected and a lengthy conference followed out of the hearing of the jury. Ms. Wefelmeyer informed the court that defendant would not attack Owens' identification, so the court barred any testimony by Green as to the photographic display.

Owens took the stand immediately after Officer Green and during cross-examination, defense counsel asked him how many times he had seen the defendant prior to the incident, when was the last time he had seen him and whether he had any social or business relations with the defendant. The trial court ruled that the defense counsel had thrust the identification issue into the proceeding by asking such questions. Thereafter, the court permitted Owens to describe the photographic display and a lineup in each of which he identified the defendant. The six pictures, one of which was of defendant, were introduced into evidence and shown to the jury, as was a picture of the lineup.

Thereafter, the prosecution recalled Officer Green to describe the photographic display and called Officer Kelly to describe the lineup. Neither officer testified that Owens identified the defendant from the photographic display or from the lineup, although both stated that Owens made a positive identification.

Our initial concern is whether defense counsel, by her questions on cross-examination, put identification into issue. Ms. Wefelmeyer's queries certainly challenged Owens ability to have observed defendant, both during the event and at other times. There can be no doubt that such questions constitute impeachment, but they did not impeach Owens' identification of defendant. Rather, the cross-examination challenged Owens perceptions of defendant during the robbery and elsewhere. Such impeachment, flowing from simple cross-examination, does not thrust identification into issue. To put identification into issue, Owens would have had to been confronted with prior inconsistent statements concerning his identification of defendant. *State v. Degraffenreid*, 477 S.W.2d 57, 63 (Mo. banc 1972); *State v. Leady*, 543 S.W.2d 788, 792 (Mo. App.1976).

Since identification was not put into issue, it was error to admit the testimony of Officers Green and Kelly (as to the photographic display and lineup respectively) to bolster Owens' identification testimony under *Degraffenreid, supra* at 61–65. The state contends that because neither officer was asked and did not state whether Owens identified defendant in the display and lineup, the use of such police testimony was proper under *State v. Williams*, 587 S.W.2d 618, 619 (Mo.App.1979). We disagree, for there was no question from the police testimony but that Owens' "positive identification" was of defendant. Green said that he specifically included defendant's picture because Owens had given him defendant's last name. We are reluctant to permit police officers to bolster uncontroverted identification testimony by showing a positive identification of defendant during a photographic display and lineup by a ruse of omitting the magic word "defendant."

On the facts of this case, where Owens was not confronted with prior inconsistent statements concerning his identification of defendant, where two police officers testified as to Owens making a positive identification during a photographic display and lineup, and where the photographs used in the display and a photograph of the lineup

were introduced into evidence so as to leave no doubt but that Owens identified defendant, we cannot say that the jury was no way persuaded by such bolstering testimony and therefore find its admission to be prejudicial error. *See, State v. Howard*, 601 S.W.2d 308, 310 (Mo.App.1980).

Defendant also complains of error in the admission into evidence of a receipt from the record store for the stolen albums. Any error in the introduction of this receipt into evidence is not apt to recur on retrial.

Judgment reversed and remanded for a new trial.

REINHARD, P. J., and SNYDER, J., concur.