STATE of Missouri,
Plaintiff-Respondent,

v.

Stanley TAYLOR, Defendant-Appellant.

No. 44186.

Missouri Court of Appeals,
Eastern District,
Division One.

June 8, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Joseph Downey, Public Defender, Gary Krautman, St. Louis, for defendant-appellant.

John Ashcroft, Kristie Green, Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant was found guilty by a jury of the crimes of Burglary First Degree and Assault First Degree. The court entered judgment sentencing the defendant to a term of 10 years and of 25 years respectively; the terms are to be served consecutively.

Defendant contends that the court erred in (1) failing to give MAI–CR 2.60 on the range of punishment for assault in the second degree; (2) permitting a police officer to testify with respect to the conduct of a lineup in which the victim identified defendant; and (3) admitting into evidence photographs which served only to inflame the jury.

Defendant does not challenge the sufficiency of the evidence to sustain the judgment. The evidence would sustain a finding that Samuel King awoke early in the morning of March 8, 1980 to see defendant enter his apartment, defendant approached Mr. King's bed and announced a robbery. Defendant covered King's head with a pillowcase and forced him into the kitchen. A lamp was turned on in the kitchen. There was also a light on in the bathroom. Defendant armed himself with a knife, threatened King and searched the cabinets. While defendant was searching the cabinets, Mr. King grabbed for the knife. In the struggle that followed, the pillowcase came off Mr. King's head. Defendant stabbed King three times before King was able to get the knife away from him. They continued to fight and moved into the bathroom. King stabbed defendant twice. Defendant finally ran out the back door.

The facts necessary to a determination of the issues will be set out as the issues are discussed.

We consider first defendant's contention that the court erred in refusing to give MAI–CR 2.60 for the reason that this pattern instruction is one of the 2.00 series of instructions that are designated as mandatory whether requested or not.

■ In this case, the court gave an instruction on assault in the second degree as a lesser included crime to assault in the first degree. Assault in the second degree is a class D felony. There is no doubt but that MAI–CR 2.60[1] was an instruction that was required to be given in this case in connection with the charge of a class D felony. Any doubt concerning the propriety of this instruction, with prospective modification, was resolved in *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981). The issue in this case is not whether the court should have given the instruction but whether defendant waived the giving of the instruction, *i.e.* whether the error was invited.

■ At the instruction conference, defendant's counsel advised the court that he was objecting to the giving of MAI–CR 2.60 because it misstates the law in that it does not set forth the correct range of punishment even though the notes on use mandated the court give it in the form set out in MAI–CR. Counsel subsequently stated "I would like the court to give a similar instruction, but merely correctly informed the jury of the law. It's not in MAI and we can certainly draft one here this afternoon." He then asked the court for time to

1. The instruction reads as follows:

"2.60 *Punishment: Persons—Ranges of Punishment for Class C and D Felonies and Class A, B and C Misdemeanors*
You are further instructed that if you find the defendant guilty (under Count _____) of [*name of offense*] as submitted in Instruction No. _____, the court may, under the law, sentence the defendant to either:
1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or
2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or
3. Both such imprisonment and the payment of such a fine.
In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you."

draft a better instruction. The court was concerned about the instruction in view of the Court of Appeals' opinion in *State v. Van Horn, supra,* which was on transfer to the Supreme Court and two other cases on the issue.

When the instruction conference was resumed, defense counsel advised the court that he did not feel that he should attempt to rewrite MAI–CR 2.60. Defendant did not withdraw his specific objection to the giving of MAI–CR 2.60.

We are required, under existing case law, to hold that defendant has waived any error as a result of the failure of the court to give MAI–CR 2.60.

In the case of *State v. Coleman,* 264 Mo. 435, 175 S.W. 209 (1915) defendant, who was convicted of murder in the second degree, objected to the giving of an instruction on manslaughter in the fourth degree. He advised the court that it was a case of self defense or nothing. The defendant also told the court at that time, "[i]f you don't instruct on all the law I will take advantage of it." *State v. Coleman, supra,* 175 S.W. at 210.

The court there held that the error was committed at the instance of the defendant and defendant could not complain. The court said:

"It makes no difference that defendant's counsel told the court at the time the instructions were being discussed 'If you don't instruct on all the law, I will take advantage of it.' No advantage can be taken of the action of the court which was in accordance with the expressed desire of the defendant . . . ."

We are of the opinion that *Coleman* is controlling in this case. See also *State v. Philpott,* 242 Mo. 504, 146 S.W. 1160, 1162 (1912). The trial court did not err in failing to give MAI–CR 2.60 under the circumstances in this case. Nor can we say that the failure to give this instruction rises to the level of plain error. This instruction serves only to advise the jury; it is not directory. *State v. Moland,* 626 S.W.2d 368, 370 (Mo.1982).

■ Defendant next contends that the court erred in permitting a police officer to testify with respect to the conduct of a lineup from which the victim identified defendant. Defendant complains that this testimony constituted evidence of prior consistent statements of the victim whose testimony had not been impeached and tended to bolster the victim's credibility contra to the holding in *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972).

In this case, Mr. King identified the defendant as his assailant in court. He also testified that he had identified defendant in a lineup. A detective testified that he placed defendant and three other persons in a lineup. He also identified a photograph of the lineup and testified that Mr. King, the victim, was at the lineup.

The prevailing rule seems to be that a third person may not bolster a witness' testimony by testifying that the witness identified the defendant at a lineup. It has, however, been held that where the third person does not testify that the witness identified the defendant, the evidence of the fact of a lineup is not violative of the rule in *State v. Degraffenreid, supra; State v. Carter,* 557 S.W.2d 47 (Mo.App.1977); *State v. Williams,* 587 S.W.2d 618 (Mo.App. 1979); *State v. Atkins,* 545 S.W.2d 656 (Mo. App.1976).

Defendant refers us to *State v. Grady,* 630 S.W.2d 89 (Mo.App.1981) as controlling here. The cases are readily distinguishable in that the officers in *Grady* at some point in their testimony testified that the witness made a "positive identification" of the defendant. We do not have that in this case.

No objection was made as to the materiality or relevance of this evidence. We find no error in the admission of this testimony under the circumstances before us.

Defendant contends that the court erred in admitting into evidence a photograph of the victim's kitchen depicting the aftermath of the struggle between defendant and the victim and also three photographs of the victim showing his wounds after his discharge from the hospital. Defendant con-

tends that the photographs served only to inflame the jury; that the matters shown could have been proved by other evidence and were devoid of probative value.

The admission of photographs is generally a matter resting within the discretion of the trial court. *State v. Jackson,* 499 S.W.2d 467, 472 (Mo.1973); *State v. Rogers,* 523 S.W.2d 344 (Mo.App.1975). We have viewed the color photograph of the kitchen as part of the scene of the crime which shows evidence of a struggle. Blood can be seen upon the kitchen stove and the floor and a butcher knife is lying upon the floor. It depicts the conditions and circumstances surrounding the crime and corroborates Mr. King's testimony. It also shows the elements of assault in the first degree as distinguished from assault in the second degree. The photograph shows relevant evidence that would aid a jury. We find no abuse of discretion in the admission of this photograph. *State v. Rogers, supra.*

The black and white photographs of the victim show the healing wounds of the victim. We do not find them gruesome or likely to inflame a jury. These photographs tend to explain the nature of the injuries sustained by Mr. King and corroborate the testimony of the victim. They meet all the criteria of *State v. Jackson, supra* and *State v. Love,* 546 S.W.2d 441, 451 (Mo.App.1976). The photographs are not rendered inadmissible because there was other evidence with respect to the matters shown in the photographs. *State v. Jackson, supra.* We find no abuse of discretion in the admission of the photographs.

The judgment of the trial court is affirmed.

STEPHAN and CRANDALL, JJ., concur.