**STATE of Missouri, Respondent,**

v.

**Richard SEDDENS, Appellant.**

No. 44156.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 7, 1982.

Frank A. Anzalone, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

The defendant appeals from a jury conviction for burglary in the first degree, a violation of § 569.160, RSMo. 1979, for which he was sentenced to eight years' imprisonment. We reverse and remand for a new trial.

The defendant was charged with three counts of first degree assault; one was later dismissed and the jury acquitted him of the remaining two. He was also charged with burglary in the first degree by unlawfully entering an inhabitable structure with the intent to commit first degree assault.

The evidence established that in the early afternoon on December 17, 1979, the defendant's wife, Theresa Seddens, her sister, Elaine Evans, their mother, and Theresa's son were in Elaine's apartment. The defendant came to the apartment door armed with a gun and kicked the door open. The mother and son hid in the bathroom, and Theresa hid in the kitchen. Elaine laid behind the living room sofa and grabbed a pistol from under the sofa. After exchanging shots with Elaine, defendant ran out of the apartment. Elaine Evans sustained only a minor gun powder burn, while defendant received a wound in the stomach.

The defendant's first point on appeal is that the trial court erred in giving Instruction No. 7, the verdict-director for burglary first degree because it failed to define the underlying crime of assault as required by MAI–CR2d 23.50. He contends "this was a prejudicial variance" from the pattern instruction and requires reversal. We agree.

Instruction No. 7 reads:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on December 17, 1979 in the County of St. Louis, State of Missouri, the defendant knowingly entered unlawfully in an inhabitable structure located at 5608 Mable, Apt. 2B and possessed by Elaine Evans, and

Second, that defendant did so for the purpose of committing the *crime of assault* therein; and

Third, that while in the inhabitable structure Elaine Evans and Theresa Seddens were present in the structure and were not participants in the crime,

then you will find the defendant guilty under Count I of burglary in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count I of burglary in the first degree, you will assess and declare the punishment at imprisonment for a term of years fixed by you but not less than five years and not to exceed fifteen years. (emphasis added).

MAI–CR2d 23.50, the verdict-director for burglary in the first degree, requires the instruction to include a definition of the crime which defendant intended to commit. Instruction No. 7 contained no definition of assault.

Assault in the first degree was defined in Instructions No. 8 and 9. After jury delib-

erations began, the foreman sent a note to the trial judge stating, "Need definition of assult [sic]." The judge instructed the jury to, "Read the instructions previously given by the court."

Supreme Court Rule 28.02(c) requires the applicable MAI–CR2d instruction be given or used to the exclusion of any other on the subject. The trial court failed to comply with the rule and thereby committed error. Its prejudicial effect must be judicially determined. *State v. Vernor*, 522 S.W.2d 312, 316 (Mo.App.1975).

A verdict directing instruction must require a finding of all the constituent facts necessary to constitute an offense in order to support a conviction. *State v. Newhart*, 503 S.W.2d 62, 69 (Mo.App.1973). It is also true that we must review all of the instructions together to determine if there is prejudicial error in the submission of a particular instruction. *State v. Harris*, 602 S.W.2d 840, 847 (Mo.App.1980).

In the present case, we are confronted with a decision as to whether the definition of assault in the first degree which appears in Instructions No. 8 and 9 was sufficient to ameliorate the lack of a definition in the verdict-director. Instruction No. 7 refers to "assault" and Instructions No. 8 and 9 define "assault in the first degree." Initially, it appeared to us that the connection between "assault" and "assault in the first degree" would be readily apparent to the jury. But, the jury's note to the judge after deliberations commenced requesting a definition of "assault" convinces us that the failure to define the underlying crime as required by MAI–CR2d 23.50 was prejudicial error. Defendant is entitled to a new trial.

Defendant's second point relates to an issue that may occur on retrial. He asserts the trial court erred in overruling his motion in limine and allowing the state to introduce evidence that the defendant shot out Elaine Evans' car window, threw a rock through her apartment window and threatened his wife the day before the burglary took place. Defendant contends that this evidence violated his right to be tried for only the offenses for which he was indicted.

If the evidence of another crime tends to establish the defendant's motive or intent for the commission of the crime for which he is on trial, and it is logically relevant to prove a material fact in issue, the evidence is competent in the trial of the crime charged. *State v. Foster*, 608 S.W.2d 476, 479 (Mo.App.1980). In *State v. Holliman*, 529 S.W.2d 932, 936 (Mo.App.1975), the court ruled that evidence of the defendant's assault on his wife four hours before he attempted to burn down the building in which his wife was located was relevant to show the defendant's motive for arson.

A material element of the burglary charge was that the defendant had the intent to assault the persons inside the apartment when he entered. The acts of violence and threats by defendant the day before in these circumstances were logically relevant to show the defendant's intent to assault the victims the next day. The evidence was properly admitted.

Reversed and remanded for a new trial.

CRANDALL, P.J., and CRIST, J., concur.