**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Donald BAILEY, Defendant-Appellant.**

**No. 45814.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 5, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Applications to Transfer Denied
June 30, 1983.

James Knappenberger, Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was convicted of assault second degree, § 565.060 RSMo 1978 and was sentenced to serve six months in jail. We affirm.

Defendant lived next door to the Thornley's. The victim, Andy Thornley, age eleven, and a companion, Eric Henry, age thirteen, were in defendant's front yard after dark searching for Andy's lost flashlight, and heading towards another friend's home. Defendant pulled up in his car, returning home, and spotted the boys. Andy testified that defendant chased and caught him, and then struck him with a stick five or six times. His arms and legs were cut and bruised. Defendant denied chasing Andy and testified that he never touched him. He testified that he saw the boys running from his yard, and that Andy tripped and fell.

Defendant argues (1) that the verdict was based on insufficient and insubstantial evidence in that the state failed to prove that defendant "knowingly" attacked the boy; (2) the trial court erred in failing to define "knowingly" in the verdict directing instruction; (3) that the verdict directing and sentencing instructions failed to provide the jury with proper information to assess and declare punishment; (4) the trial court erred in failing to instruct on the lesser included offense of assault third degree; and (5) the trial court should have given an instruction on justification.

Defendant challenges the sufficiency of the evidence of intent, contending that the victim was a trespasser on defendant's land, late at night, and if he came in contact with the boy, he did not intentionally harm him. In assessing the sufficiency of the evidence, we must accept as true all evidence and inferences that tend to support the verdict and disregard all evidence and inferences to the contrary. Our inquiry is limited to whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Bolder,* 635 S.W.2d 673, 679 (Mo. banc 1982).

Andy testified that when defendant got out of his car, he chased him and threw him on the ground. Defendant asked Andy who he was or where he lived and Andy told him. Thereafter defendant hit Andy with a stick five or six times. Andy's companion, Eric Henry, testified that he saw someone grab Andy. Eric turned around and ran away. Defendant denied that the incident took place.

The jury has the right to believe evidence adduced by the state and reject that offered by the defense. *State v. Porter,* 640 S.W.2d 125, 127 (Mo.1982). Taking the state's evidence as true, we believe that there was substantial evidence from which to find that defendant knew what he was doing when he grabbed Andy and knew what the result of his conduct would be. Andy's testimony that he repeatedly told defendant who he was and where he lived before defendant hit him adds to the conclusion that defendant intended his actions. Testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case. *Id.* at 128.

Defendant next argues that the trial court erred in failing to define "knowingly" in the verdict directing instruction. The prejudicial effect of the failure to give an instruction is to be judicially determined. *State v. Betts,* 642 S.W.2d 604, 606 (Mo. 1982). Note 3, Notes on Use to MAI–CR 19.04.2, the verdict directing instruction, states that "knowingly" may be defined on

the court's own motion without a request and must be defined upon written request by either the state or defendant. No request for a definition was made. The trial court was under no obligation to give a definitional instruction, and defendant has failed to show any prejudice from the lack of such an instruction.

Defendant contends that the jury was not clearly instructed as to its duty to assess punishment and that the range of punishment was not clearly defined.

Instruction No. 5, the verdict directing instruction, was patterned exactly after MAI–CR2d 19.04.2 except that it added a third paragraph to the jury's choice of punishment:

If you do find the defendant guilty of assault in the second degree, you will assess and declare the punishment at:

1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed five years, or

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year, or

3. You may recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment which you may declare.

Instruction No. 6, patterned after MAI–CR2d 2.60[1] (which was applicable at the time of trial) also added an extra fourth paragraph regarding punishment:

INSTRUCTION NO. 6

You are further instructed that if you find the defendant guilty of assault in the second degree as submitted in Instruction No. 5, the court may, under the law, sentence the defendant to either:

1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

1. Withdrawn effective June 1, 1983.

3. Both such imprisonment and the payment of such a fine.

4. In addition, you may recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment which you may declare. The maximum fine which the court may impose is $5000.00.

In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you.

■ Initially we note that the Court of Appeals must review all of the instructions together to determine if there is prejudicial error in the submission of a particular instruction. *State v. Seddens*, 643 S.W.2d 302, 304 (Mo.App.1982). Defendant's primary complaint is that Instruction No. 5 failed to comply with § 557.036.2 RSMo Supp.1982, requiring the court to instruct the jury as to the full range of punishment. Instruction No. 6, defendant argues, only compounded the error and should not have been given to the jury as it failed to define the role of the judge and jury.

■ Section 557.036.2 provides that the trial court shall "instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict . . . ." Taking Instructions 5 and 6 together, we hold that the jury was fully and adequately instructed as to their duty and as to the range of punishment. MAI–CR2d 2.60 is only advisory, not directory. *State v. Taylor*, 637 S.W.2d 216, 218 (Mo. App.1982).

Assault second degree is a Class D felony, and defendant could have been sentenced to a fine not exceeding five thousand dollars. § 560.011 RSMo 1978. In adding paragraphs instructing the jury that they could assess a fine in lieu of punishment, the trial court was attempting to comply with the Missouri Supreme Court's directive in *State*

*v. Van Horn*, 625 S.W.2d 874, 878 (Mo.1981). In *Van Horn*, the court recognized that it is the trial court, and not the jury, who can impose a fine in addition to or in lieu of a term of imprisonment within the statutory limitations. *Id.* at 877. The court added that in the future, MAI–CR2d 2.60 should be modified to add a fourth paragraph, informing the jury that they may *recommend* that the court assess a fine in lieu of or in addition to any imprisonment, and inform the jury of the maximum fine which the court may impose. *Id.* at 878. This is precisely what the trial court did in Instruction 6. Instruction 5 merely informed the jury of all the sentencing options. Any error in not stating the maximum fine in Instruction 5 was cured by setting out the maximum in the very next instruction. Defendant was not prejudiced by Instructions 5 and 6, especially where the jury verdict assessing punishment at six months in the county jail with no fine was responsive to the instructions.

■ Defendant also complains of the trial court's failure to give instructions on justification and the lesser included offense of assault third degree. These points have not been preserved for review, as defendant failed to object at the time instructions were given or in his motion for new trial. *State v. Moland*, 626 S.W.2d 368, 370 (Mo. 1982). As defendant testified that he never touched Andy Thornley, his defense was not based upon justification, and such an instruction was not supported by the evidence. We find no plain error in failure to give a justification instruction. Nor was there plain error in not instructing on assault third degree. At the instruction conference, defendant's position was that the trial court was required to give such an instruction but his counsel stated, "I do not want it." [2] No plain error occurred.

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.

---

2. This case was tried before *State v. Olson*, 636 S.W.2d 318, 322–23 (Mo. banc 1982), where the court held that, except in homicide cases, a

defendant may not complain of a trial court's failure to give a lesser included offense instruc-

tion unless he specifically requests it. Accord-   ingly, this point should no longer be an issue.