STATE of Missouri,
Plaintiff-Respondent,

v.

James McCRARY, Defendant-Appellant.

No. 44945.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 7, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Daniel P. Reardon, Jr., St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

The issue on appeal is whether the appellant was denied due process when the trial court permitted a third party, not an eyewitness to the crime, to identify appellant as the alleged perpetrator of the crime. We affirm.

On January 26, 1981, Jeffrey Brown, while walking along St. Louis Avenue, was forced from the street into an alley by an individual, whom, he believed, possessed a gun. The assailant identified himself as "Killer Rob" and stated he "kills for money." Brown was then forced into a garage where he was robbed of his wristwatch and sixty-five dollars.

The next day, Brown related the incident of the robbery to his stepmother, Patricia Ann Brown, supplying her with a description of the individual. Later that day, Mrs. Brown observed appellant in her store and notified the police. Appellant was arrested and subsequently convicted of first degree robbery.

Appellant appeals contending that he was denied due process of law when Patricia Brown was permitted to identify him in front of the jury. It is appellant's contention that this testimony was improper because Mrs. Brown had not witnessed the offense. As a result of appellant's failure to object to the testimony at trial, appellant seeks review under "plain error." Rule 30.-20.

The general rule in Missouri is that a third person may not testify that a witness has made an extra judicial identification of the defendant. *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972). However, such testimony is admissible to rehabilitate the witness after he has been impeached. *Degraffenreid; State v. Atkins,* 545 S.W.2d 656 (Mo.App.1976). In the case at bar, the prosecuting witness, Jeffrey Brown, testified as to his describing the appellant to the police after the robbery, identified the appellant in the courtroom in person, identified the appellant in the courtroom by exhibit, and testified as to identifying the appellant in the line-up. On cross-examination the defense attorney impeached the witness' identification of the appellant. She called into question Mr. Brown's ability to see the face of the appel-

lant and to identify him and his clothing. Then, she questioned him about the identification he gave his stepmother and about the description of appellant and the robbery which Mr. Brown gave the police.

Patricia Brown, the stepmother of the victim, was then put on the stand to rehabilitate Jeffrey Brown and his identification of appellant. She testified about the out-of-court identification of appellant made by Mr. Brown to her the morning of January 27. Her testimony was in response to the impeachment by the defense counsel of Mr. Brown's identification.

As a result, Patricia Brown's testimony was clearly admissible under Missouri case law. Jeffrey Brown testified regarding the identification of the appellant. The defense impeached that identification on cross-examination. Patricia Brown then rehabilitated Brown's identification after the impeachment. Such rehabilitation is permissible in this state. *Degraffenreid; Atkins.* Thus, no error resulted in allowing Patricia Brown to testify regarding the identification of appellant.

Appellant raises a second issue on appeal alleging trial court error in denying his requested instruction for Second Degree Robbery. This argument is without merit. There was no evidence to support the giving of a second degree robbery instruction. We find that no error of law appears in the trial court's actions and a detailed discussion on this point would have no precedential value, therefore, we affirm on this point under Rule 84.16(b).

Judgment affirmed.

SMITH and KELLY, JJ., concur.