STATE of Missouri, Respondent,

v.

Keith Stan YOUNG, Appellant.

No. 45916.

Missouri Court of Appeals,
Eastern District,
Division Eight.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 30, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction of forcible sodomy, § 566.060 and stealing, § 570.030.2(2) RSMo 1978. The trial court sentenced defendant to concurrent prison terms of fifteen years on each count. We affirm.

The state's complaining witness had known defendant for approximately three weeks prior to the occurrence of the crimes charged. They had met at a disco and exchanged telephone numbers. Defendant had taken victim home from work once before.

On January 29, 1981, defendant again was to take victim home from work. Instead of driving victim to her residence, defendant drove to a parking lot and positioned his car so close to another vehicle that victim was unable to open the passenger door. He thereupon discussed and demanded oral sex. When victim protested, defendant threatened her with a metal pipe. Defendant then performed cunnilingus on his unwilling victim. Upon completing this act, defendant removed over thirty dollars from victim's purse. Victim finally escaped when defendant went to the rear of his car looking for something in the trunk.

Defendant first argues the trial court erred in admitting into evidence a composite drawing, line-up photo, and "mugshot" of defendant because such evidence bolstered victim's identification testimony. His point on appeal claims the evidence was cumulative and implied defendant had a history of involvement with the police and a criminal record.

"Mugshots" do not indicate prior criminal activity of the individual depicted and are admissible when criminally identifying material on the photograph is concealed from the jury, as was true in the present case. See *State v. Walker,* 616 S.W.2d 89, 94 (Mo.App.1981). One apparent reason for the state's introduction of the complained of evidence was to indicate defendant's facial appearance at or near the time of the offense charged, allowing the jury to com-

pare that evidence with his clean shaven look at trial. *State v. Johnson,* 618 S.W.2d 191, 193–94 (Mo.1981). Although the trial court noted the three pieces of evidence were cumulative, the court specifically ruled the evidence was not prejudicial to defendant. Since the trial court is in a better position to determine the prejudicial effect of photographic evidence, we hold any error involved to be harmless.

■ Defendant's argument portion under his first Point Relied On, to which we are not required to resort, *State v. Thomas,* 595 S.W.2d 325, 327 (Mo.App.1980), relies exclusively on *State v. Grady,* 630 S.W.2d 89, 90–91 (Mo.App.1981). In *Grady,* we found reversible error, when properly preserved, in bolstering the complaining witness' identification with the testimony of police officers who observed the identification. See also, *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972). The propriety of allowing police officers in the present case to identify the complained of evidence as that which was presented to the prosecuting witness was not placed before the trial court in defendant's motion for new trial or included in his Point Relied On before this court. Therefore, our review is limited to a determination of whether plain error occurred. Rule 29.12(b). While the use of "bolstering" or cumulative testimony is technically improper, *Degraffenreid, supra,* and sometimes rises to the level of reversible error, *Grady, supra,* our review of the record fails to convince us the allegedly improper evidence denied defendant a fair trial or resulted in a manifest injustice or miscarriage of justice. Furthermore, we note the evidence of guilt in the present case is strong. *Degraffenreid,* 477 S.W.2d at 64–65. See also *State v. Williams,* 587 S.W.2d 618, 619 (Mo.App.1979). Defendant's first point is therefore denied.

Next defendant challenges the testimony of two other women who described similar sexual attacks upon them and identified defendant as the perpetrator. See, *State v. Young,* 643 S.W.2d 28, 29–30 (Mo.App.1982) where this same defendant launched a similar challenge to the testimony of the trio he sexually attacked.

■ The general rule forbidding the prosecution from initially introducing evidence of the defendant's commission of crimes other than the one charged contains several exceptions. Evidence of other crimes may be used to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan; (5) the identity of the person charged with the commission of the crime on trial. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954). The test for admissibility of other crimes is not the fact they incidentally prove defendant guilty of those crimes, but the logical pertinence of those other crimes insofar as they reasonably tend to establish a material fact in issue. *Id.*

■ In Missouri, the prosecution may show a defendant's propensity for illicit sexual relations with the prosecuting witness but similar sexual crimes with other persons are generally inadmissible for purpose of showing propensity. *State v. Atkinson,* 293 S.W.2d 941, 944 (Mo.1956). See also, McCormick on Evidence, § 190, pp. 449–50 (2d ed. 1972). Evidence, inadmissible for one purpose, may however, be admitted if introduced for a proper purpose. One such purpose is to prove identity. In the instant case, we find the evidence of defendant's sexual attacks upon victims other than the prosecuting witness properly admitted

(T)o prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature.

McCormick on Evidence, *supra,* at p. 449 (footnotes omitted). See also, Annot., "Admissibility, in Prosecution for Sexual Offense, of Evidence of Other Similar Offenses," 77 A.L.R.2d 841 (1961).

Testimony revealed all three women accepted rides from defendant on the premise he would take them home. Defendant drove all three to secluded parking lots and parked his car so close to another vehicle that the victims were unable to escape from the passenger side. In all three incidents defendant threatened victims in a similar manner. Before attacking his victims, defendant first discussed oral sodomy. Finally, in all three cases defendant attempted or succeeded in committing oral sodomy upon his victims. We find defendant's methodology in the three attacks sufficiently unusual and distinctive so as to allow the introduction of evidence of the crimes as defendant's "handiwork," thereby establishing defendant as the perpetrator. The evidence had a legitimate tendency to establish defendant's connection with the offense charged. *State v. Shaw*, 636 S.W.2d 667, 671–672 (Mo. banc 1982), *cert. denied* —— U.S. ——, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982).

■ Defendant's third point alleges error in the trial court's refusal to submit his offered lesser included offense instruction. Defendant did not set out in full the instruction complained of in the argument portion of his brief, in contravention of Rule 84.04(e). Further, he did not include other pertinent instructions in the legal file. Rule 81.12(c).

■ Despite defendant's failure to properly preserve this point for our review, we find defendant's offered instruction not to be a lesser included offense to the crime of stealing without consent contained in § 570.030.2(2) and for which he was convicted. The crime sanctioned by § 570.030.2(2) occurs when "the actor physically takes the property appropriated from the person of the victim." Defendant sought to have the jury instructed on the misdemeanor offense of appropriating property of another with a value under $150.00.

'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' *State v. Amsden*, 299 S.W.2d 498, 504 (Mo. 1957).

Defendant's argument fails for two reasons. Defendant was initially charged with robbery, § 569.030, RSMo.1978. The value of the property forcibly taken in a robbery is irrelevant to the charge. Therefore, an instruction based on stealing property with a value less than $150.00 cannot be a lesser included offense to robbery because it adds a necessary and varying element: the property's worth.

The jury was properly instructed on the lesser included offense of physically taking property from the person of the victim. This offense appears identical to a charge of robbery except it deletes the requirement that force be used in the taking. Again, the value of the property taken is irrelevant to the charge so long as the taking is from the person of the victim. Therefore, an instruction predicated on the property's value, insofar as it adds a necessary element different from the crime charged, is not a proper lesser included offense.

■ In his fourth point relied on, defendant complains about the trial court refusing to grant his motion for mistrial after state's detective inadvertently testified during direct examination that he received a radio assignment call "[d]escribing an automobile and a subject wanted for rape." The jury was instructed to disregard the statement of the detective witness. When the detective volunteered the inadmissible evidence, the determination of the appropriate action to be taken in order to remedy the problem is a matter within the wide discretion of the trial court. *State v. Harris*, 622 S.W.2d 330, 335 (Mo.App.1981). We cannot say the trial court abused its discretion denying the mistrial and ordering the jury to disregard the remark about "a subject wanted for rape."

Finally, defendant alleges plain error occurred during the state's closing argument. Defendant says the prosecutor argued defendant should be moved out of the county,

which allegedly implied to the jury defendant should be incarcerated. Defendant also claims the prosecutor argued defendant had had a prior chance for rehabilitation, thus conveying to the jury defendant's prior criminal record. Unfortunately defendant does not indicate where in closing argument the allegedly improper remarks were made. Our review of closing argument failed to reveal such references by the prosecutor. In any event, we found no error, plain or otherwise, appearing during the state's closing argument.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.