**Jack V. HOSKINS, Appellant,**

v.

**Mary E. HOSKINS, Respondent.**

**No. 61114.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 21, 1992.

John L. Oliver, Jr., Cape Girardeau, for appellant.

King Easterby Sidwell, Sikeston, for respondent.

CARL R. GAERTNER, Judge.

Husband, Jack V. Hoskins, filed a petition for dissolution of marriage on April 2, 1991. On April 12, 1991, wife, Mary E. Hoskins, filed a motion for temporary maintenance during the dissolution action. After a hearing, the trial court granted wife's motion on June 7, 1991 and awarded her $5,000 a month in maintenance. Husband appealed the award of temporary maintenance and filed a supersedeas bond which stayed enforcement of the maintenance order.

On June 26, 1991, wife filed a motion for temporary maintenance pending the appeal of her first motion for maintenance. This

motion was heard before a different judge. The parties presented the court with a stipulation of facts, the transcript from the hearing on the first pendente lite motion and some additional documents. However, wife did not assert a change of circumstances in her second motion. The court granted wife's second motion on October 16, 1991, in the amount of $3,000 a month maintenance to be credited against the June 7, 1991 judgment. Husband filed a notice of appeal and supersedeas bond on the this second order.

For reasons not apparent from the record before us, husband's appeal from the October 16 order has been perfected and submitted before the filing of all briefs and the submission of his appeal from the June 7 order. Notwithstanding the benefits of judicial economy, we have decided to proceed with a piecemeal approach of the two appeals rather than to accept the delay involved in consolidation. We make this decision mindful of the finding of the trial court that wife "is in desperate need of maintenance during the appeal and this hardship places upon [wife], either intentionally or unintentionally, great pressure to compromise the pending dissolution of marriage and places her in a disadvantageous position under great financial strain."

■ In his first point on appeal husband, relying upon *Dardick v. Dardick*, 661 S.W.2d 538 (Mo.App.1983), argues that absent any change of circumstances since the first pendente lite order, the issue of maintenance and attorney's fees was res judicata. We agree with husband that *Dardick* is dispositive. However, *Dardick* requires a conclusion diametrically opposed to that drawn by husband.

In *Dardick*, the husband appealed a decree of dissolution and filed a supersedeas bond which stayed execution on the monetary awards to the wife. She filed a motion for maintenance pending appeal which was sustained without an additional hearing. Husband appealed that order and again stayed execution by filing a bond. Wife filed and was granted a second and a third award pending appeal with additional

sums being awarded for attorney's fees. No additional evidence was adduced at any of the subsequent hearings. We held the trial court's finding in the first hearing that wife was not entitled to additional attorney's fees and costs on appeal precluded an award of attorney's fees and costs in the subsequent motions in the absence of evidence demonstrating a change of condition. In seizing upon this aspect of the *Dardick* opinion, husband ignores the more relevant principles discussed therein. *Dardick* recognizes that a motion for maintenance pending appeal, although ancillary to the underlying dissolution decree, is a separate and distinct proceeding. 661 S.W.2d at 540–41. *Dardick* does not prohibit the first pendente lite motion on appeal, only the second and the third. Similarly, in this case the wife's motion on appeal is separate and distinct from the pre-dissolution motion pendente lite. *Dardick* disapproved the award of attorney's fees in the second and third motions on appeal, because wife failed to show a change of circumstances since the trial court's denial of attorney's fees in her first motion. However, *Dardick* upheld the award of maintenance without further evidence and approved the taking of judicial notice of the evidence adduced at the earlier trial. *Id.* at 542–43. Similarly, the parties here agreed to submit the issue of maintenance on appeal on the record made at the earlier hearing. Since the trial court did not increase the amount previously found necessary for wife's needs, *Dardick* furnishes no support for husband's complaint regarding the absence of evidence of a change of condition. The successive motions in *Dardick* were disapproved because they occurred at the same stage of the proceedings and involved identical issues. The motions in this case are not successive. Wife's needs for purposes of appeal are not necessarily the same as for preparation for trial. Husband's first point is denied.

■ Husband next contends the award of maintenance pending appeal should be set aside because wife failed to establish her inability to meet her needs by employment. The record shows the parties have

been married for twenty-six years. Wife, age 54, who has one year of college education, worked as an airline reservation agent before the marriage. She had no substantial outside employment during the marriage. Tax returns filed with the court reflect the husband's earnings for several years have been well in excess of $100,000.00 annually. Husband's point on appeal is frivolous.

Affirmed.

REINHARD and CRIST, JJ., concur.