**Jack V. HOSKINS, Appellant,**

v.

**Mary E. HOSKINS, Respondent.**

**No. 60401.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1992.

John L. Oliver, Jr., Cape Girardeau, for appellant.

King E. Sidwell, Sikeston, for respondent.

CRIST, Judge.

Husband, Jack V. Hoskins, filed a petition for dissolution of marriage on April 2, 1991. On April 12, 1991, Wife, Mary E. Hoskins, filed a motion for temporary order of maintenance during the dissolution action. After a hearing, the trial court granted Wife's motion on June 7, 1991, and awarded her attorney's fees, suit money, and $5,000 a month in maintenance. Husband appealed the award and filed a supersedeas bond which stayed enforcement of the order. We affirm.

On June 26, 1991, Wife filed a motion for temporary maintenance pending the appeal of her first motion for maintenance. This motion was heard before a different judge. The parties presented the court with a stipulation of facts, the transcript from the hearing on the first pendente lite motion, and some additional documents. The court granted Wife's second motion on October 16, 1991, in the amount of $3,000 a month maintenance to be credited against the June 7, 1991 judgment. Husband filed a notice of appeal and supersedeas bond on this second order.

Husband's appeal from the October 16 order was perfected and submitted before the filing of all briefs and the submission of this appeal from the June 7 order. This court affirmed the appeal of the October 16 award. *Hoskins v. Hoskins*, 828 S.W.2d 732 (Mo.App.1992).

■ In this appeal Husband contends the trial court erred when it failed to sustain his motion to dismiss because Wife's affidavit failed to comply with § 452.315(1). Wife's motion set forth that a petition in dissolution had been filed; that Husband earns a substantial and lucrative income; that Husband has failed and refused to provide for the maintenance of Wife; that Wife requires $6,000 per month for maintenance. Husband did not request a more specific statement and did not attack the sufficiency of the motion and affidavit at the hearing. The purpose of the statute is to permit the other party to prepare a defense, and in this case Husband could have required Wife to provide a more specific statement if he thought it was needed.

*In re Marriage of Gillett*, 762 S.W.2d 525, 528[6] (Mo.App.1988). Point denied.

■ Husband next claims the trial court erred when it failed to enforce Local Rule 68.04 and refused to grant a continuance. The rule was not offered into evidence at trial and this court will not take judicial notice of a local rule which has not been made part of the record. *Irving v. Brannock*, 756 S.W.2d 585, 586[2] (Mo.App. 1988). Furthermore, Husband failed to show he was prejudiced as a result of the nonenforcement of the rule. *Anderson v. Anderson*, 667 S.W.2d 24 (Mo.App.1984). Husband was in sole possession, custody and control of all financial records accumulated during the marriage. It is evident from the transcript that Husband was aware of the issues presented. *See Schneider v. Dougherty*, 747 S.W.2d 763, 765[4] (Mo.App.1988). Point denied.

■ Finally, Husband asserts the trial court erroneously declared the law, erroneously applied the law, and reached a result for which there is no substantial evidence. The trial court's discretion in awarding temporary maintenance and attorney's fees pendente lite is broader than at the marriage dissolution hearing. *Oesterle v. Oesterle*, 796 S.W.2d 640, 641[1] (Mo.App. 1990); *Breitman v. Breitman*, 632 S.W.2d 494, 495 (Mo.App.1982). In *Hoskins v. Hoskins*, 828 S.W.2d 732 (Mo.App.1992), husband contended the temporary maintenance award was erroneous for the reason wife failed to establish her inability to meet her needs by employment. This court held such contention frivolous. From substantially the same evidence, we find the June 7 temporary award was supported by substantial evidence and not against the weight of the evidence.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.