STATE OF MISSOURI, RESPONDENT v. DEWEY HOBBS, APPELLANT.*

St. Louis Court of Appeals. Opinion filed January 11, 1927.

**1.—Criminal Law—Failure to Provide Support for Children—Venue.** In a prosecution against a father, under section 3274, Revised Statutes 1919, as amended in 1921 (Session Acts 1921, p. 281, section 1), for failure to provide necessities for his two minor children, where it appeared that the mother, receiving no assistance from the father in support of the children, found it necessary to move to Cape Girardeau county to obtain employment, and there established her home and lived there with the children for a period of three years or more, and there sought to support them, they receiving no support from the alleged derelict father, **held,** under the evidence, that the venue of the offense was properly laid in Cape Girardeau county, where the children were residing, and where, it was alleged, they were being neglected by the father in the necessities of life, although the father resided in a different county.

**2.—Same—Same—Evidence—Insufficient to Sustain Conviction.** In a prosecution, under section 3274, Revised Statutes 1919, amended in 1921 (Session Acts 1921, p. 281, section 1) for failure to provide necessities for minor children, evidence reviewed and held insufficient to show that defendant was either able to provide for his said children through his means or earnings, or that he intentionally brought about a condition to destroy his ability so to provide.

**3.—Same—Same—Elements of Offense—Criminal Intent—Without Good Cause.** In a prosecution, under Revised Statutes 1919, as amended in 1921 (Session Acts 1921, p. 281, section 1), for failure to provide necessities for minor children, the burden is on the State, in order to authorize a conviction, to prove every constituent element of the offense, including that of criminal intent, in that the defendant was either able to provide for said children, or intentionally brought about a condition to destroy his ability to provde for them, as there can be no criminal intent in a case of this character when the accused does not possess the ability to do that which he omitted to do, and some proof must be adduced to show that defendant's failure to provide was without good cause.

**4.—Same—Same—Same—Same—Circumstantial Evidence.** In a prosecution, under section 3274, Revised Statutes 1919, as amended in 1921 (Session Acts 1921, p. 281, section 1), for failure to provide necessities for minor children, criminal intent, in that the defendant was either able to provide for his children, or had intentionally brought about a condition to destroy his ability to provide for them, may be shown by circumstantial evidence; however, there must be sufficient facts and circumstances shown from which it may be found that the failure to provide was without good cause.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 164, n. 46; Parent and Child, 29Cyc, p. 1677, n. 2; p. 1679, n. 29.

Appeal from the Circuit Court of Cape Girardeau County.—Hon. Frank Kelly, Judge.

REVERSED AND REMANDED.

*Alexander & Coffer,* for appellant.

(1) Overruling the demurrer to the evidence was reversible error. State v. Menkins, 266 S. W. 1004 and cases; State v. Christopher, 267 S. W. 62 and cases. (a) The information failed to charge and the proof failed to show any offense committed by defendant in Cape Girardeau Township. Section 3759, R. S. 1919. (b) No jurisdiction was acquired by the justice of the peace and none was acquired by the circuit court on appeal. State v. Taylor, 167 Mo. App. 104. (c) The proof failed to establish the ability of the defendant to render support for the children. State v. Menkins, supra. (2) The court committed reversible error in permitting the introduction of evidence that Cape Girardeau City is in Cape Girardeau Township. State v. Taylor, supra. (a) The information failed to charge the offense in said Township. Section 3759, supra. State v. Alford, 142 Mo. App. 412. (b) There was no proof that defendant had ever been either actually

or constructively, in said Township during the time charged in the information. State v. Miller, 90 Mo. App., 131. State v. Christopher, 267 S. W. 621 and cases cited. (c) Both the State and defendant had closed the case and defendant's demurrer had been overruled and defendant had announced he would offer no evidence. The law is the measure of the court's discretion. State v. Menkins, supra, 1005. (3) The failure to rebuke the prosecuting attorney for unwarranted argument was error. Likewise the statement of the court in the presence of the jury. Kelly's Crim. L. & Pro., (3d Ed.), sec. 402; note 389 and cases; State v. Dodo, 253 S. W. 75; State v. Adams, 269 S. W. 401. (4) The giving of Instruction No. 1 was prejudicial error. (a) It did not follow the charge in the information. (b) It was not based upon the evidence as to venue. Kelly's Crim. L. & Pro. (3 Ed.), sec. 391, Note 305 and cases. (5) Instruction No. 2 had no evidence to support it, and it should not have been given. Kelly's sec. 391, Note 305 and cases; State v. Loeb, 190 S. W. 299. (6) Instruction No. 3 was an undue comment on a particular proposition, and was an implied direction to impose the maximum punishment. Kelly's, pg. 339, sec. 391, Note 304 and cases, State v. Yokum, 205, 232; State v. Meininger, 268 S. W. 71. (7) The refusal to give Instructions "B" and "C" was reversible error. Kelly's, pg. 340, sec. 392, Note 308 & cases; State v. Christopher, supra.

*Frank Hines,* Prosecuting Attorney, for the State.

(1) The information was not challenged by a motion to quash and no point is made against its sufficiency by defendant's counsel in their brief. It follows the language of the statute in usual form and is sufficient. Laws of Mo. 1921, pp. 281, 282. (2) In a prosecution under this statute in its present form it is not necessary to show both an abandonment by defendant of his children and a refusal to support, as either one of the two is a violation of the statute. State v. Hartman, 259 S. W. 513. (3) It is not necessary to state any venue in the body of an indictment or information; but the county or other jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the same. As the State, county and township are named in the caption or margin of the information, under the statute, it is sufficient to show jurisdiction. Sec. 3900, R. S. 1919; State v. Simon, 50 Mo. 370; State v. Dawson, 90 Mo. 149; State v. Brown. 159 Mo. 646; State v. Hunt, 190 Mo. 353; State v. Long, 209 Mo. 366; State v. McDonough, 232 Mo. 219; State v. Fields, 262 Mo. 158; State v. Taylor, 167 Mo. App. 104; Sec. 3908, R. S. 1919. (4) Defendant's counsel contend that the venue of the offense was not in Cape Girardeau township and county where the mother resided with the children, because they say it was not shown

that the defendant ever resided there. But the venue of the crime does not follow the father, unless the residence of the children changes with the father. For under the very language of the statute the father may leave the State, he may still be prosecuted if he leave his children behind in this State. The evidence was not disputed that the children resided in Cape Girardeau county with their mother during the entire time covered by the information, and that she supported them. This I respectfully submit is a complete answer to the point made by defendant's counsel, that the venue of the offense was not in Cape Girardeau township of Cape Girardeau county. (5) It was within the sound discretion of the court to permit the prosecuting attorney to make the formal proof that Cape Girardeau township was in Cape Girardeau county, after the State had closed its case, as no harm could come to the defendant from this permission by the court. (6) It is not complained that the prosecuting attorney made any comments on the failure of the defendant to testify in his own behalf. The complaint is that the prosecuting attorney said to the jury, "you can look at the defendant and see that he is a big, husky fellow." Very legitimate comment and perfectly proper. The jury could see for themselves what defendant's appearance was, and whether he looked like he could earn a living for his children. That the prosecuting attorney thought that the case at bar was one which called for the maximum punishment, was in no sense improper, provided he stated that the evidence showed it, and based his statement on the evidence. There is nothing before this court to show this comment of the prosecuting officer was not based on the evidence. (7) The criticism directed at instruction No. 1, is that it is not based on the evidence as to venue and that it does not follow the charge in the information.

Defendant's counsel fail to point out wherein this instruction does not follow the charge in the information and fail to point out wherein it is not based on the evidence as to venue. Keeping in mind that the venue is stated in the caption or margin of the information, as in Cape Girardeau township, I respectfully submit this criticism is not warranted. (8) Defendant's counsel complain that Instruction No. 2 had no evidence to support it and should not have been given. Instruction No. 2 was the common instruction usually given on admissions of defendant, that he was entitled to what he said for himself, as well as the State would be entitled to anything he said against himself. It is the stereotyped instruction given where there is evidence of admissions. It was of course based on evidence offered by the State of admissions of the defendant made as to his earnings. (9) Instruction No. 3, which is criticised merely relates to the punishment and was no comment or undue comment on anything. (10) Counsel for defendant complain of the refusal of the court to give instruction

B, which told the jury that unless defendant had resided in Cape Girardeau township during the time covered by the information then he could not be convicted. If the law was as set forth in instruction B, then no man could be punished under this statute unless he came and resided where his children resided. It was not error to refuse it.

DAUES, P. J.—This is a prosecution by information under section 3274, Revised Statutes 1919, as amended in 1921 (Session Acts 1921, p. 281). The information was filed September 9, 1925, by the prosecuting attorney of Cape Girardeau county before a justice of the peace in that county, and charged that the defendant wilfully and unlawfully and without good cause failed, neglected and refused to maintain and provide necessities for his two minor children, between August, 1924, and August, 1925, in the county of Cape Girardeau, Missouri. Defendant was convicted in the justice court and appealed to the circuit court of Cape Girardeau county, where upon a trial anew, with a jury, he was convicted and sentenced to pay a fine of one thousand dollars and to be confined for a term of six months in the county jail. From this judgment defendant appeals.

All the proof in the case was adduced by the State. The defendant stood mute. On the part of the State there is evidence tending to show that defendant and the prosecuting witness, Mamie Hobbs, were married in Stoddard county in April, 1915, where they resided during their entire married life. On March 27, 1921, they separated, and in April 13, 1922, they were divorced, and while it does not clearly appear from the record, it seems that the wife obtained the decree. The divorce proceedings were had in Stoddard county. There were two children born of the marriage, they being four and five years old respectively at the time of the divorce, and at the time of this prosecution in 1925 they were seven and eight years of age respectively. Almost immediately after the divorce, the prosecuting witness, the mother of the children, who had the care and custody of them under the divorce decree, moved to Cape Girardeau county, where she sought and obtained employment in a shoe factory. She remained there with the children from that time on continuously, except a short period of a few months when she came to St. Louis for the purpose of seeking more remunerative employment, but she soon returned to the City of Cape Girardeau, where she has remained up until the time of the trial. There she has had the children with her constantly, except for a brief period in the summer time when they were with their grandparents in Stoddard county.

The evidence is abundant and positive that the mother supported the children during all this time, and that defendant contributed nothing to their support during the year next before the filing of the informa-

tion and between the dates mentioned in the information. The evidence further shows that the prosecuting witness out of her meagre earnings from the shoe factory heroically attempted to make a bare living, and provide medical attention for herself and the children, but that she was unable to do so without pecuniary aid from relatives. During this time it is shown that one child was seriously sick, requiring nurse attention.

The evidence as brought out by the prosecuting witness also is to the effect that defendant at no time resided in Cape Girardeau county, but it is shown that on one occasion he passed through that county en route to Detroit, Michigan, in the Fall of 1922. It is not shown how long he remained in the State of Michigan, but it appears that it was but a brief period, after which he again returned to Stoddard county, where he resided at the time this offense is laid. Defendant remarried after the divorce was granted and had another family at the time this prosecution was begun. There is other evidence which will be detailed along with another point in the case as we discuss same in this opinion.

It is seriously argued that the venue of the offense is not in Cape Girardeau county, where the mother resided with the children and where, admittedly, defendant did not reside, but that the venue is in Stoddard county where the father resided with his second family.

After an examination of the authorities afforded us by the briefs and those which we have been able to find through our own labors, we have reached the conclusion that no hard and fast rule can be laid down which will categorically fix the venue for every case of a failure to support children by a parent. Circumstances, of necessity, must be consulted in order to reach a reasonable and just conclusion in each case. The venue of the crime in this character of a case cannot always follow the father, nor can it in every conceivable case follow the mother, though she has the children with her. In this case the mother, receiving no assistance whatsoever from the father in support of the children, found it necessary to move to Cape Girardeau county to obtain employment. She lived there with the children for a period of three years or more; she established her home there, and there she sought to support the children, because they received no support from the alleged derelict father.

The evidence shows that the father expressed no willingness to support the children in Stoddard county where he resided, and he furnished no support in either county. This is not such a case as where the children were temporarily moved about from place to place against the wishes of the father, nor is it such a case where prosecution was instituted immediately upon the children being taken away from the father's residence to a different residence. But here the residence of the children was clearly established and had been for a period of

three years in Cape Girardeau county. After mature reflection, we conclude that the venue may be properly laid in Cape Girardeau county; that the failure to provide necessary food and clothing and support, if it exists at all, may be said to have occurred in Cape Girardeau county. It is axiomatic that the venue must be laid in the county where the occurrence actually took place, and the act must be proved to have occurred in that jurisdiction. Of course, there are criminal cases where the continuing crime runs through more than one jurisdiction. It may begin in one jurisdiction and continue in another, and in such cases it is generally held that the defendant may be tried in either county. In the instant case, we think, the venue may be properly laid in Cape Girardeau county where the children were residing and where, it is alleged, they were being neglected by the father in the necessities of life; it was there that they were receiving no such contribution as the law requires the parent to furnish them. Of course, if the offense alleged were for abandonment a different situation would be presented, as abandonment generally, if not always, occurs at one definite place.

Defendant's counsel relies on the case of State v. Christopher, 267 S. W. 62, a case from this court. It should be said in further reference to that case, as will appear from the opinion itself, that the State there confessed error and joined with counsel for the appellant in requesting a reversal of the judgment on the authorities cited by appellant in his brief. While the information in that case was bottomed upon section 3274, Revised Statutes 1919, as amended in 1921, the authorities submitted referred to the statute before amendment and our attention was not called to the fact that under the amendment the offense of failing to provide and abandonment were no longer denounced in the conjunction as stating but one offense, but the Legislature by amendment made each a distinct offense, so that under the statute as now written there can be an offense because a parent fails to furnish food, etc., even though he has not abandoned his child. [See State v. Hartman, 259 S. W. 513.] Upon a review of the Christopher case, we still think that the result there reached was correct. However, in so far as the opinion applies the cases there cited to the present statute, where failure to support alone is charged, same should no longer be followed.

Much reliance is had by the State's Attorney on the language of the statute which provides that the father may be prosecuted in the place where the children may be left, even if the father leaves the State. However, that language alone does not aid us since it seems to apply only to abandonment and not to failure to support.

The next complaint is directed to the failure on the part of the State to adduce substantial evidence to show that the defendant "wilfully and unlawfully and without good cause failed, neglected and

refused to maintain and provide for said children.'' And this objection, it must be ruled, is well taken. We have scanned this record over and over for all of the evidence on that phase of the case, and, briefly, it is to the effect that the prosecuting witness, as well as all the witnesses, had no knowledge whatsoever as to whether the defendant worked or earned any wages or received any means during the period that this offense is said to have been committed. The prosecuting witness did testify that she heard the defendant say when he was arrested on this charge that he had worked in Detroit for a wage of $6 a day. This, however, was in the Fall of 1922, and was not within the scope of the information, and there is no evidence that he received such pay more than one day or what length of time. The prosecution seemingly relied upon the fact that at the time of the trial defendant was young, appeared to be healthy and was possessed of vigor and strength. This was pointed out to the jury in the argument, and this was the State's sole reliance. This, of course, is not sufficient. It may be so, for ought this record shows, that defendant was unable to secure employment, or that he did not receive sufficient remuneration from his employment to make any provision. It may be that defendant was ill and unable to work during this period, and there seems to be some evidence adduced by the State, though indefinite, that he had been ill at some time during this period. The only proof to the contrary is that the prosecuting witness said she saw him on one occasion in Stoddard county when he seemed to be in good health.

We have consistently ruled since State v. Beims, 212 Mo. App. 221, 253 S. W. 420, that in a prosecution of this kind the burden, of course, is on the State in order to authorize a conviction to prove every constituent element of the offense, though it involves the proof of a negative. The State must prove not only a failure to provide the necessities to the children, but also the ability of the accused to so provide. There must be evidence to show a criminal intent in that the defendant either was able to provide through his means or earnings, or that defendant intentionally brought about a condition to destroy his ability to so provide.

A case falling within the latter class is that of State v. Gilligan, case No. 19548, decided by this court November 2, 1926, and not yet published. In that case it was shown that the defendant, though able to work and to find employment, wilfully refused to work and earn support for his dependants. We held in that case that the evidence was sufficient from which it may be found that the defendant voluntarily brought about his inability to provide.

There can be no criminal intent in a case of this character when the accused does not possess the ability to do that which he omitted to do, and some proof must be adduced to show that defendant's failure to

provide was without good cause. State v. Beims, supra; State v. Menkens, 226 S. W. 1004; State v. Kahlert, 260 S. W. 519; State v. Rutledge, 257 S. W. 1058; State v. Levy, 212 Mo. App. 142, 253 S. W. 64.]

The State in this case, either by inadvertence or otherwise, failed to make any showing on this constituent element of the offense. The mere fact that defendant was in good health at the time of the trial is certainly not sufficient, nor that he worked at $6 a day for a short period of time in 1922; nor does the fact that he again married and had another family make sufficient proof on this feature of the case. We are not to be understood as holding that such proof must be by direct evidence; it may be circumstantial. Nor do we attempt to prescribe the *quantum* of proof. However, there must be sufficient facts and circumstances shown from which it may be found that the failure to provide was without good cause. We will not reverse this judgment outright; under the state of the record it should be remanded for another trial.

Other points are made touching procedural errors, such as the argument of the State's Attorney to the jury and the misreception of evidence, but these errors doubtless will not occur again on retrial and we will not discuss them for that reason. The information is attacked here, but it is our view that it is sufficient. Judgment reversed and cause remanded. *Becker* and *Nipper, JJ.*, concur.