**STATE of Missouri, Respondent,**

v.

**Robert E. PORTER, Appellant.**

**No. 63391.**

Supreme Court of Missouri, Division No. 2.

Oct. 12, 1982.

Motion for Rehearing or Transfer to Court En Banc Denied Nov. 9, 1982.

J. Arnot Hill, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Senior Judge.

Appellant, Robert E. Porter, was convicted by a jury of murder in the second degree, in violation of § 565.004, RSMo 1978, and assault in the first degree, in violation of § 565.050, RSMo Supp.1979, and sentenced to two consecutive terms of life imprisonment. This Court has exclusive appellate jurisdiction. Art. V, § 3, Mo. Constitution.

Appellant alleges the evidence was insufficient to support the convictions. We disagree and affirm the judgment.

In reviewing the record we accept as true all evidence tending to prove appellant guilty together with all reasonable inferences supportive of the verdict. *State v. Brooks,* 618 S.W.2d 22, 23 (Mo. banc 1981). Our function is not to weigh the evidence but to determine only whether there was sufficient evidence from which reasonable persons could have found appellant guilty as charged. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo. banc 1976); *State v. Johnson,* 510 S.W.2d 485, 487 (Mo.App.1974).

On January 7, 1981 at approximately 9:30 p.m. William Long admitted appellant to his home. At that time James Jones, Long's neighbor was visiting him. Both men knew appellant, who lived only a block

away. He had visited Long at his home many times and borrowed money from him on a number of occasions. On this particular night appellant told Long he wanted to borrow some money. When Long refused, appellant asked Jones, who was known to carry large sums of cash. Jones also refused. Appellant then turned to leave and Long followed behind him to close the front door. As appellant was going out the door he turned and fired an automatic pistol at Long, hitting him in the face, stomach and hip. Long was knocked back into his chair where he stayed pretending to be dead. He heard one more shot, and then heard the storm door shut. He was able to call the police before losing consciousness.

The police arrived to find both Long and Jones wounded, but Long was able to talk. He told the police that appellant had shot him. Both he and Jones were taken to the hospital, where Jones was pronounced dead.

At trial, Long positively identified appellant as the man who had shot him and Jones. Long further testified that he was an alcoholic and had been drinking on the night of the shooting. His normal daily consumption consisted of eighteen beers. On the date in question he slept most of the day and therefore he had consumed only two beers and two shots of whiskey before appellant's arrival. The physician who admitted Long to the hospital, and the police officer who had interviewed him there, testified that Long seemed to be under the influence of alcohol that night. During his stay in the hospital, Long required intravenous alcohol to control his withdrawal symptoms. Medical records indicated he suffered from hallucinations during that period.

Appellant took the stand in his own defense. He testified he was visiting the home of a friend, accompanied by his girlfriend, on the night of the shooting. Both this friend and his girlfriend supported his alibi.

The jury found appellant guilty of murder in the second degree for the death of James Jones, and guilty of assault in the first degree of the shooting of William Long.

Appellant contends that the trial court erred in failing to sustain his motion for acquittal of the charge of murder because the evidence was insufficient to sustain a conviction for murder in the second degree. The evidence adduced at trial concerning the murder of James Jones was wholly circumstantial. In a case based on circumstantial evidence, the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt and inconsistent with his innocence. *State v. Newman,* 605 S.W.2d 781, 786 (Mo.1980). "The application of this circumstantial evidence rule is realistically tempered, however, such that the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence. '[T]he mere existence of other possible hypothesis is not enough to remove the case from the jury.' *State v. Thomas,* 452 S.W.2d 160, 162 (Mo.1970)." *State v. Morgan,* 592 S.W.2d 796, 805 (Mo. banc 1980).

With these rules as guidance, it is clear that there was sufficient evidence of appellant's guilt to support the submission of the case to the jury. William Long testified that he admitted appellant to his home; that he and James Jones refused appellant's request for money; that appellant turned and fired at him; and that after he fell he heard another shot. There was also testimony that both Long and Jones were found wounded, and that Jones died shortly thereafter as a result of the shooting. There was no evidence that any other person was present who could have fired the shot that killed Jones. The jury was entitled to reject defense testimony that appellant was elsewhere at the time of the murder. It also could believe all, part or none of the testimony of any witness. It had the right to believe the testimony adduced by the State and reject that offered by the defense. *State v. Holt,* 592 S.W.2d 759, 774 (Mo. banc 1980); *State v. Stark,* 590 S.W.2d 690, 692 (Mo.App.1979). The jury, having thus weighed the conflicting trial testimony could and did find appellant guilty of murder as charged.

Appellant also contends that the trial court erred in failing to sustain his motion for acquittal as to the assault charge because there was no substantial evidence to support conviction for assault in the first degree. He argues that victim Long's addiction to the use of alcohol interfered with his recall of events that night, and that this rendered incompetent the testimony on which the State based its case.

Long did admit that he was an alcoholic with an average daily consumption of eighteen beers, and that he had consumed two beers and two shots of whiskey on the night of the shooting. Afterward, at the hospital he did tell a doctor he might have a problem with delirium tremens. Approximately four days later, Long did require intravenous alcohol to prevent withdrawal symptoms.

All of these facts were before the jury. Appellant argued that Long's identification of him could not be believed, and suggested that Long could have been hallucinating at the time of the shooting. However, it was for the jury to decide how much credence to give the testimony, *State v. Booth,* 423 S.W.2d 820 (Mo.1968), and testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case. *State v. Ball,* 622 S.W.2d 285 (Mo.App.1981). Furthermore, this Court has previously considered a case in which the State's witness was addicted to heroin and had taken three injections of the drug within twelve hours of witnessing a shooting, the last injection taking place fifteen minutes before the crime. It was there held that the testimony of the addict could constitute substantial direct evidence to support a conviction for second degree murder. *State v. Booth,* 423 S.W.2d at 825.

The jury had a right to believe Long's testimony concerning the shooting and chose to do so. We cannot say that there is no substantial evidence on which to support the conviction for assault.

The judgment is affirmed.

WELLIVER, P.J., and HIGGINS and SEILER, JJ., concur.