**STATE of Missouri, Respondent,**

v.

**Kenneth E. SNEED, Appellant.**

**No. 47700.**

Missouri Court of Appeals,
Eastern District,
Division Twelve.

Aug. 28, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Harvey J. Schramm, Clayton, for appellant.

John Ashcroft, Atty. Gen., John Morris, John J. Oldenburg, Jr., Asst. Attys. Gen., Jefferson City, for respondent.

DONALD BARNES, Special Judge.

Appellant, after a jury waived trial, was found guilty of murder in the second degree. He was sentenced to imprisonment for a term of twenty years. He now appeals his conviction, contending that the indictment was invalid and the evidence insufficient. We affirm.

The facts leading to appellant's conviction are as follows. Late in the evening of July 30, 1982, nineteen-month-old Dana Harper was admitted to the emergency room at Christian Northwest Hospital. Dr. Ingber, the admitting physician, observed that Dana was seizing, comatose and non-responsive. He also noted that she had numerous bruises on her head. Dr. Ingber's examination led him to believe that Dana was the victim of child abuse.

That evening Dana was transferred to St. Louis Children's Hospital. She never regained consciousness. On August 6, 1982, she was diagnosed as having no brain function. On August 28, 1982, she was pronounced dead. An autopsy revealed that her left arm was fractured and that she had multiple skull fractures and injuries to the brain. Dr. Case, the pathologist who performed the autopsy, testified that the head injuries which caused Dana's death could not have resulted from a fall but rather were possibly caused by striking her or flinging her against a wall.

Appellant had become acquainted with Dana's mother, Michelle Harper, several weeks prior to Dana's admission to the hospital. For some time prior to July 30, 1982, appellant, Dana, and Michelle Harper had been living together in a motel room in Bridgeton, Missouri. Michelle Harper worked as a waitress at a restaurant located on the premises of the motel. During the week preceding Dana's death, appellant was not employed but babysat Dana when Michelle Harper was working. Appellant told police officers that he had taken care of Dana the entire day on July 30, 1982.

Appellant accompanied Dana and her mother to the hospital on the evening of July 30, 1982. When told that x-rays of Dana had been taken, appellant stated that Dana had fallen down that day, tripping over a dog. Later he told police that Dana had also fallen off a curb outside the motel. In addition, he stated that Dana had been sick the prior Wednesday and he had taken her to a doctor. When asked for the name of the doctor, appellant admitted that no doctor had seen Dana on that date.

After appellant was arrested, a police detective told appellant that the medical evidence would show that Dana's injuries did not happen the way appellant explained. Appellant then stated that he had left Dana alone with Mr. Masnica, the maintenance worker at the motel, for a short time during July 30, 1982, and that she was crying when he (appellant) returned. Masnica testified that he did wait outside appellant's room when appellant left the motel for about 10 minutes around 8 p.m. but that he neither saw nor heard Dana during that time. He also testified that he never babysat Dana.

Appellant's first assignment of error is that the evidence was insufficient to sustain his conviction.

Our review of this challenge is governed by several well-established principles. Where, as in this case, the evidence is entirely circumstantial, the facts and circumstances relied upon by the state must be consistent with each other and with the hypothesis of defendant's guilt. *State v. Goddard,* 649 S.W.2d 882, 884 (Mo. banc 1983) (citing *State v. Franco,* 544 S.W.2d 533 [Mo.1976]). Although the state is required to demonstrate guilt beyond a reasonable doubt, it is not required to establish the impossibility of innocence. *Id.* And, in any case on appeal, the facts in evidence and all reasonable inferences drawn therefrom must be considered in the light most favorable to the verdict. *Id.*

■ In the instant case, the evidence relied upon by the state showed that Dana was beaten sometime on July 30, 1982, that the beating caused Dana's death, that appellant babysat Dana the entire day on July 30, 1982. All facts and circumstances relied upon by the state were consistent with each other and with the hypothesis of appellant's guilt.

Appellant does not deny that Dana was beaten sometime during the time he was responsible for babysitting her. Rather he claims that his testimony that he left Dana with Mr. Masnica, "an admitted drunk", for a short time on that date "destroyed the state's central theory that the Defendant had sole control and sole custody of the child". Appellant misunderstands the significance of his testimony.

■ The fact that appellant's testimony conflicts with the testimony of a man who may have been an alcoholic does not mandate reversal. It is the fact finder, who having heard the evidence and observed the witnesses, resolves contradictions in the testimony and determines how much credence to give that testimony. *State v. Overkamp*, 646 S.W.2d 733, 737 (Mo.1983). The testimony of an alcoholic can be credible and can support a conviction for murder. *State v. Porter*, 640 S.W.2d 125, 128 (Mo.1982).

We hold that the evidence was sufficient to sustain appellant's conviction.

Appellant was indicted by the grand jury of the County of St. Louis and charged with the Class A felony of murder in the second degree. The charge against appellant was set forth in the indictment as follows:

> The grand jurors of the County of St. Louis, State of Missouri, charge that the defendant in violation of § 559.020, RSMo 1969, acting with another committed the class A felony of murder in the second degree punishable upon conviction under Section 565.008.2, RSMo in that on or about July 30, 1982, at 3679 N. Lindbergh, in the City of Bridgetown, in the County of St. Louis, State of Missouri, the defendant intentionally, premedi-

tatedly, with malice aforethought and unlawfully caused the death of Dana Harper by striking her on or about July 30, 1982, in the County of St. Louis, State of Missouri, thereby causing her to die on August 28, 1982 in the City of St. Louis, State of Missouri.

■ Appellant's second assignment of error concerns this indictment. He claims that the indictment is fatally defective in that it cites Section 559.020 RSMo.1969 rather than Section 565.004 RSMo.1978 and fails to cite the statutory language from Section 565.004 RSMo.1978.

While Rule 23.01(b) does require that an indictment cite the section of the statute alleged to have been violated, Rule 23.11 states that no indictment "shall be invalid ... because of any defect therein which does not prejudice substantial rights of the defendant.".

Here appellant has shown no prejudice from the "defects" he alleges and no prejudice is apparent. The indictment follows MACH–CR 16.14 and clearly sets out all elements of murder in the second degree. The fact that the indictment cites Section 559.020 rather than Section 565.004 is not critical. These sections are identical in form and substance. The current edition of the Revised Statutes lists both and clearly shows that Section 559.020 was simply transferred to Section 565.004.

Judgment affirmed.

SNYDER, P.J., and DOUGLAS W. GREENE, Special Judge, concur.