Kenneth E. SNEED, Appellant,

v.

STATE of Missouri, Respondent.

No. 53465.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Stormy Barton White, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of second degree murder in a bench trial, and was sentenced to twenty years' imprisonment. That conviction was affirmed in *State v. Sneed,* 676 S.W.2d 301 (Mo.App.1984).

Movant complains that his trial counsel was ineffective in failing to attempt to suppress statements movant made to the police. He asserts these statements were obtained as a result of physical abuse.

A review of the record indicates that movant made statements to several police officers on different occasions prior to his trial. At the evidentiary hearing, movant testified that he was beaten by the police officers, but that he refused to give them a "guilty statement." Movant's trial counsel also testified at the evidentiary hearing. He stated he decided not to seek suppression of the statements because they were consistent with their planned defense at trial and with movant's planned testimony; thus he felt the statements would corroborate movant's testimony.

"In order to prevail on a claim of ineffective assistance of counsel, a [movant] must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). When evaluating counsel's conduct, there is a strong presumption the conduct was reasonable, and movant "must overcome the presumption that, under the circumstances, the challenged action 'might

be considered sound trial strategy.' " *Sanders,* 738 S.W.2d at 858.

The facts of this case support the motion court's finding that the failure to file a motion to suppress the statements was a matter of trial strategy not supporting movant's claim of ineffective assistance of counsel.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.