STATE of Missouri, Appellant,

v.

James Patrick JOHNSON, Respondent.

No. WD 42254.

Missouri Court of Appeals,
Western District.

Jan. 16, 1990.

Mark D. Katz, Kansas City, for appellant.

David R. Browning, Independence, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

The present appeal arises as a result of a ruling by the circuit court which dismissed a charge against respondent, James Patrick Johnson, brought by the Jackson County Prosecuting Attorney pursuant to § 568.040, RSMo 1986, the criminal non-support statute.

Johnson and his former wife were divorced in Okaloosa County, Florida, on March 21, 1980. Custody of the parties' two minor children was awarded to the former wife and Johnson was ordered to pay child support for their benefit directly to his wife.

Johnson subsequently moved to Kansas City where he now resides. On May 11, 1987, the Florida Divorce decree was registered in Kansas City, Jackson County. Neither Johnson's former wife or his children have ever resided in Missouri.

On April 19, 1989, the State of Missouri filed its complaint, statement of probable cause and information, charging that Johnson had committed the class A misdemeanor of criminal non-support in violation of § 568.040, RSMo 1986. Johnson filed his motion to dismiss and supporting suggestions attacking the venue of criminal proceedings on May 22, 1989. The State filed suggestions in opposition to Johnson's motion. Each party filed supplemental suggestions in support of their positions. On July 12, 1989, the trial court sustained Johnson's motion and the State now appeals.

■ In its sole point on appeal the State avers that the trial court erred in sustaining Johnson's motion to dismiss on the ground of lack of venue because both jurisdiction and venue were properly established in Jackson County, Missouri, the county and state of Johnson's residence. Johnson contends that the State may not initiate criminal prosecution to secure support for children who do not have substantial contact with the State.

In support of its position, the State argues that in this case Johnson's conduct provides the requisite for jurisdiction in this State pursuant to § 541.191, RSMo Cum.Supp.1989. In pertinent part the statute provides that this state has jurisdiction over an offense that a person commits by his own conduct if conduct constituting any element of the offense occurs within this state. § 541.191(1) RSMo Cum.Supp.1989.

Johnson was charged with violating § 568.040 by committing the class A misdemeanor of non-support. Therefore, it is the State's position that jurisdiction lies in Missouri because conduct constituting the crime of non-support occurred in this state.

Both parties refer to the Uniform Reciprocal Enforcement of Support Law (URESA). Johnson's claim that by entering into the compact set out at §§ 454.010—454.360, RSMo 1986, the Missouri legislature declared to its co-signatories and its own citizens, that non-support should be punished in the jurisdiction where the unsupported children reside. He further argues that the statute grants exclusive jurisdiction where the party entitled to receive the support resides. In support of his position, Johnson cites to the following extradition provision of URESA:

> The governor of this state may:
> (2) Surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of any person in such other state. § 454.050(2) RSMo 1986.

In enacting URESA, the legislative purpose was "to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." § 454.010, RSMo 1986.

Contrary to Johnson's assertions, there is nothing in the URESA statute to suggest that the remedies or procedures provided therein are exclusive. Likewise, there is nothing in the statute which prohibits the State of Missouri from prosecuting a defendant accused of violating the Missouri non-support statute. In fact, § 454.030, RSMo 1986, states that the remedies provided are in addition to and not in substitution for any other remedies. This further suggests that the legislature did not intend to foreclose the state from prosecuting a resident non-supporter with dependents in another jurisdiction. Thus, consistent with the jurisdiction statute, § 541.191, RSMo Cum. Supp.1989, and not inconsistent with URESA, Johnson being charged with a crime committed in Missouri, may properly be tried in this state.

■ Having decided the Missouri courts may exercise jurisdiction under this circumstance, the issue of venue will be briefly discussed. Both parties discuss in detail the venue issue.

Johnson argues that the State ignores the historical fact that after 1921 the Missouri courts have held venue in criminal non-support matters involving children to be in the county of residence of the child. He cites State v. Hobbs, 291 S.W. 184 (Mo. App.1927); State v. Winterbauer, 296 S.W. 219 (Mo.App.1927), rev'd on other grounds.

It is significant that all of these cases were decided prior to the enactment of URESA in 1951. Furthermore, none of the cases is in point in that they all deal with questions involving the appropriate venue as between two different counties in Missouri. Although not on point, it is worthy of note that the court in Hobbs, 291 S.W. at 185, indicated that there can be no hard and fast rule which will fix venue in every non-support case. The court continued:

> "Circumstances, of necessity must be consulted in order to reach a reasonable and just conclusion in each case. The venue of the crime in this character of a case cannot always follow the father, nor can it in every conceivable case follow the mother, though she has the children with her." Id.

Section 541.033, RSMo 1986, controls venue. Where a person is accused of committing offenses against the laws of this state he shall be prosecuted in the county in which the offense is committed. § 541.033(1), RSMo 1986. Johnson was charged with criminal conduct in Missouri. He resides in Jackson County, where it is alleged that the crime was committed. Therefore, in accordance with the statute venue lies in Jackson County.

For the foregoing reasons, the decision of the trial court dismissing the charge against Johnson is reversed.

All concur.